McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment. The plaintiif recovered, and the defendant has brought the case here by an appeal in error.
It appears that George Campbell, father of the plaintiff and defendant, was the owner of three small tracts of land, adjoining each other, and forming one tract of perhaps 118 acres, lying in Claiborne county. The entire tract was levied on and sold at sheriff’s sale, as the property of said George Campbell, on the 8th day of May, 1854, and was purchased by one William Fugate, for the sum of $315.
On the 22d day of May, 1855, an instrument, under seal, was executed by and between the said George Campbell and his son Charles Campbell, the plaintiff in this action, which is called an “article of agreement.” It recites the seizure and sale of said land by the sheriff, and purchase by Fugate. It likewise recites that said George Campbell “ is unable to redeem said land;” and then proceeds as follows : “ Now it is agreed between the said George Campbell and the said Charles Campbell, that the said George hereby sells and conveys unto the said Charles Campbell, the right to redeem the said land; and hereby agrees, that whenever the said Charles shall redeem the said land, that the same is hereby bargained, sold, and conveyed to the said Charles; and the said George hereby conveys to the said Charles, whatever personal property he now owns. . To have and to hold the said land and personal property, to the said Charles Campbell, his heirs and assigns, forever.”
The consideration of the-conveyance is then stated, namely, that said Charles is bound to provide a comfortable support for said George Campbell and wife, during life. This instrument was proved and registered.
William Fugate, the purchaser of the land at execution sale, died without having received a conveyance from the sheriff for said land. And on the 8th of February, 1856, Charles Campbell paid to Woodson, the administrator of Fugate’s *328 estate, the full amount paid for the land by the latter, with interest thereon, in redemption of said land; and took from said administrator a full acquittance for the same.
John Campbell, the defendant in the action, had resided, for many years preceding the execution sale, on a part of said land, by the consent of his father, George Campbell, but without any written evidence of title or claim to the same; and to oust him of this possession, the present action was brought.
The first error assigned, is, that the instrument above mentioned was not operative to transfer the legal title from George to Charles Campbell. It is true, that inasmuch as no deed was executed by the sheriff to Eugate, the purchaser of the land, the latter was vested with nothing more than amere equity, and the legal title remained in George Campbell; and if the legal title were not communicated to Charles Campbell by force of the instrument referred to, it is clear that he would not be entitled to recover. The instrument of conveyance is certainly informal ; but we are to regard the substance rather than the form; and so viewing it, we are of opinion that it possesses all the indispensable requisites of a deed of bargain and sale; and that its legal effect was to transfer to the bargainee all the interest of the bargainor in said land; and to invest the former with a present title in fee simple to the same.
The next error assigned, is, that the redemption from the personal representative of Eugate, was a nullity — the equitable right of the intestate, acquired by the purchase, having, on his death, descended to his heirs at law.
This objection is not tenable. In the first place: In an action of ejectment, in a Court of Law, the legal title, only, can be looked to; and, in general, the plaintiff’s recovery cannot be resisted on the ground of an outstanding equitable title in a third person, or even in the defendant. But, in the next place, the land having been sold, and purchased by Eugate, in satisfaction of a debt due to him from George Campbell? and no conveyance having been made to him for the .land, by the sheriff, it is clear, that upon a redemption of the land, by *329 tbe debtor, or his assignee, the redemption money would properly go to the administrator, and constitute a fund in his hands for the payment of debts, and for distribution, under the statute. And if this be so, it would seem to follow as a matter of course, that the redemption from the administrator was regular. The correctness of this conclusion is to be tested by the question — who was entitled to receive the redemption money in this case ? If not the heir at law, how could he assent to, or suffer a redemption ? It would be otherwise, if, by the execution of a sheriff’s deed to the purchaser, he had become vested with the legal title to the land; which, on his death, intestate, would have descended to the heir. This would be a conversion of the money bid for the land, into realty; and impressed with that character, it would go to the heir; and, of course, from him, the redemption must be effected.
It is further insisted, that the Court erred in permitting the clerk of the County Court to testify, that he had examined the tax books in his office, for a number of years preceding the commencement of this suit; from which it appeared that the lands in dispute had been given in for taxes by George Campbell, and never by the defendant, John Campbell. A general exception was taken to this evidence, but the record does not show the ground of objection; whether because parol evidence of the fact was admitted, which is the ground here insisted on ; or, because the fact, if proved by the production of the books, was, in itself, irrelevant or inadmissible. The inference, from the reading of the exception, would be, that the latter was the ground relied on in the Court below.
In view of the statute of limitations, which was relied on by the defendant, the fact proved by the clerk was admissible, as a circumstance proper to be looked to by the jury in determining the question, whether George Campbell, or the defendant, claimed to be owner of the land. The objection to parol evidence of the fact would have been valid, if properly taken; still, it was a formal, rather than a substantial ground of exception, and to have been available in this Court, must have been specially taken. It does not affect the merits of *330 the case ; and as it might have been waived well enough, we must take it that it was waived — the contrary not appearing.
The objection, that it does not appear from the record that Woodson was administrator of Fugate’s estate, is not well ■founded.
We think there is no available error in the record, and the judgment will be affirmed.